UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------- X

TIERRA BONEFORT, on behalf of herself and all others similarly situated,

Plaintiff,

- against -

STICKER MULE LLC, and PRINT BEAR, LLC,

Defendants.

---------------------------------------------------------------------------- X

Case No.: 1:20-cv-1222 (GTS/ML)

CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Tierra Bonefort, on behalf of herself and all others similarly situated ("Plaintiff" or "Class Representative"), through her attorneys Kessler Matura P.C. and the Law Offices of Raphael A. Katri, complaining of Sticker Mule LLC and Print Bear, LLC (collectively, "Defendants"), allege as follows:

**INTRODUCTION**

1. This is a class action brought on behalf of current and former employees of Defendants who were denied proper wages and wage statements.

2. Through their practice of refusing to pay employees at the proper overtime rate, Defendants violated the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq*., and New York Labor Law ("NYLL" or "N.Y. Lab. Law") Art. 6 & 19. Defendants' failure to provide accurate wage statements also violated the NYLL.

3. Defendants operate a fast-growing international sticker manufacturing company, with factories and offices in New York.

4. To incentivize production employees to work the late night and overnight shifts, Defendants pay production employees a shift differential wage. That is, these employees are paid their regular hourly wage plus an additionally hourly wage – the shift differential.

5. The FLSA and NYLL require that differentials like these be incorporated into the regular rate for determining an employee's overtime rate when the employee works over 40 hours a week.

6. Defendants, however, excluded the shift differential from the overtime rate. In other words, Defendants paid these employee overtime based on their hourly wage and paid the shift differential separately.

7. Plaintiff seeks to recover these unpaid overtime wages for herself and all other employees, together with other applicable relief.

**JURISDICTION & VENUE**

8. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq*., 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

9. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

10. Defendants are authorized to do business in New York State and do business in Amsterdam, New York.

11. Accordingly, this action properly lies in the Northern District of New York, pursuant to 28 U.S.C. § 1391.

**THE PARTIES**

***Plaintiff Tierra Bonefort***

12. Plaintiff Tierra Bonefort is an individual who resides in Amsterdam, New York.

13. At all times relevant to the Complaint, Bonefort was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

14. At all times relevant to the Complaint, Bonefort was an "employee" within the meaning of N.Y. Lab. Law §§ 190(2), 651(5).

15. Specifically, Bonefort was employed by Defendants as a production staff worker from about September 12, 2018 through January 31, 2020.

***Defendant Sticker Mule LLC***

16. Upon information and belief, Sticker Mule LLC was and still is a domestic corporation, authorized to do business pursuant to the laws of the State of New York.

17. Upon information and belief, Sticker Mule LLC's principal place of business is located at 49 Elk Street, Amsterdam, New York 12010.

18. Sticker Mule LLC's second factory is located 336 Forest Avenue, Amsterdam, New York 12010.

19. Sticker Mule LLC lists its address to which the Department of State will mail process if accepted on its behalf as: Sticker Mule LLC, 49 Elk Street, Amsterdam, New York 12010.

20. Upon information and belief, Sticker Mule LLC is in the sticker production industry.

21. At all times hereinafter mentioned, Sticker Mule LLC was and still is an "employer" within the meaning of 29 U.S.C. § 203(d).

22. At all times hereinafter mentioned, Sticker Mule LLC was and still is an "employer" within the meaning of N.Y. Lab. Law §§ 190(3), 651(6).

23. At all times hereinafter mentioned, the activities of Sticker Mule LLC constituted an "enterprise" within the meaning of 29 U.S.C. §§ 203(r)-(s).

24. Upon information and belief, Sticker Mule LLC maintains control, oversight, and direction over its operations and employment practices.

25. At all times hereinafter mentioned, Sticker Mule LLC employed employees, including Plaintiff, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. §§ 203(b), (g), (i), (j), (r) & (s).

26. Sticker Mule LLC's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

***Defendant Print Bear, LLC***

27. Upon information and belief, Print Bear, LLC was and still is a domestic corporation, authorized to do business pursuant to the laws of the State of New York.

28. Upon information and belief, Print Bear, LLC's principal place of business is located at 49 Elk Street, Amsterdam, New York 12010.

29. Print Bear, LLC's second factory is located 336 Forest Avenue, Amsterdam, New York 12010.

30. Print Bear, LLC lists its address to which the Department of State will mail process if accepted on its behalf as: Sticker Mule, LLC, 49 Elk Street, Amsterdam, New York 12010.

31. Upon information and belief, Print Bear, LLC is in the sticker production industry.

32. At all times hereinafter mentioned, Print Bear, LLC was and still is an "employer" within the meaning of 29 U.S.C. § 203(d).

33. At all times hereinafter mentioned, Print Bear, LLC was and still is an "employer" within the meaning of N.Y. Lab. Law §§ 190(3), 651(6).

34. At all times hereinafter mentioned, the activities of Print Bear, LLC constituted an "enterprise" within the meaning of 29 U.S.C. §§ 203(r)-(s).

35. Upon information and belief, Print Bear, LLC maintains control, oversight, and direction over its operations and employment practices.

36. At all times hereinafter mentioned, Print Bear, LLC employed employees, including Plaintiff, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. §§ 203(b), (g), (i), (j), (r) & (s).

37. Print Bear, LLC's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

***Defendants***

38. Defendants constitute a unified operation.

39. Defendants constitute a common enterprise.

40. Defendants have interrelated operations.

41. Defendants have common ownership, including Anthon Constantino.

42. Defendants share a common CEO, Anthony Constantino.

43. Defendants were co-founded by Anthony Constantino.

44. Defendants have common management.

45. Defendants' managers report to Anthony Constantino and are under his supervision.

46. Defendants have a centralized control of labor relations.

47. Defendants share employees.

48. Defendants commingle funds.

49. Defendants share the same physical addresses in the State of New York.

50. Defendants constitute a single employer.

51. Defendants constitute an integrated enterprise.

52. Defendants utilize the same address for service of process: 49 Elk Street, Amsterdam, New York 12010.

53. Defendants maintain control, oversight, and direction over their production employees and other employees, including timekeeping, payroll and other employment practices that applied to them.

54. At all times hereinafter mentioned, Defendants individually and collectively were and still are "employers" within the meaning of 29 U.S.C. § 203(d), and N.Y. Lab. Law §§ 190(3), 651(5).

55. At all times hereinafter mentioned, the activities of Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r) & (s).

56. At all times hereinafter mentioned, Defendants employed employees, including Plaintiff, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

57. Defendants collective annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

**FLSA COLLECTIVE ACTION CLAIMS**

58. Plaintiff seeks to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following class of persons:

> All production employees, however titled, employed by Defendants and paid a shift differential at any time in the

> three years prior to the filing of this Complaint (the "FLSA Collective").

59. Upon information and belief, there are approximately more than 40 current and former employees that are similarly situated to Plaintiff who were denied overtime wages at the proper rate.

60. Plaintiff represents other employees and is acting on behalf of Defendants' current and former employees' interests as well as her own interests in bringing this action.

61. Defendants unlawfully paid Plaintiff and the FLSA Collective at an overtime rate at less than one and one-half times their hourly rate, inclusive of shift differential pay.

62. Defendants were aware or should have been aware that the law required it to pay Plaintiff and the FLSA Collective the proper overtime rate.

63. The FLSA Collective is readily identifiable and locatable through the use of Defendants' records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of minimum wages in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

**FEDERAL RULE OF CIVIL PROCEDURE RULE 23**
**NEW YORK CLASS ALLEGATIONS**

64. Plaintiff brings the Second and Third Causes of Action on her behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All production employees, however titled, employed by Defendants and paid a shift differential at any time in the six years prior to the filing of this Complaint (the "Class").

65. The persons in the Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendants.

66. Upon information and belief, the size of the Class exceeds 500.

67. Given the number of Second- and Third-Shift production workers employed each week and turnover through the six-year period, the Class size is at least 500 individuals.

68. The Second and Third Causes of Action are properly maintainable as a class action under Fed. R. Civ. Pro. 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

a. whether Defendants failed to pay overtime wages at the proper rate, inclusive of shift differential pay, Class Representative and the Class in violation of and within the meaning of the N.Y. Lab. Law § 650, *et seq.* and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

b. whether Defendants failed to provide the Class Representative and the Class with accurate wage statements (i.e., paystub) in violation of and within the meaning of the N.Y. Lab. Law § 195;

c. whether Defendants acted in good faith when failing to pay the Class Representative and the Class;

d. whether Defendants acted in good faith when failing to provide accurate paystubs to the Class Representative and the Class; and

e. the nature and extent of class-wide injury and the measure of damages for those injuries.

69. The Class Representative fairly and adequately protect the interests of the Class and have no interests antagonistic to the class.

70. The Class Representative is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

71. The Class Representative and the Class have been equally affected by Defendants' failure to pay proper wages. Moreover, members of the Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

72. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

73. Plaintiff's claims are typical of those of the Class. Plaintiff and the Class were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records. Plaintiff's job duties are typical of those of the Class.

74. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The Class has been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

**CLASS-WIDE FACTUAL ALLEGATIONS**

75. Plaintiff and the members of the FLSA Collective and Class (collectively, "Class Members") are victims of Defendants' common policy and plan that violated their rights under the FLSA and NYLL by paying Class Members overtime wages that were exclusive of their earned

shift differential pay. At all times relevant, Defendants' unlawful policy and pattern or practice has been willful.

76. Class Members work in Defendants' factories manufacturing stickers.

77. Defendants employ three shifts of workers: First Shift, Second Shift, and Third Shift.

78. Third Shift is an overnight shift and Second Shift starts in the afternoon and ends late at night.

79. The employees on the Second and Third Shift are paid a shift differential.

80. Defendants use their website to solicit job applicants and note that they pay shift differentials to their employees. *See* Ex. B (Job Description).

81. Defendants, however, failed to pay their employees at an overtime rate that incorporated their shift differential pay. *See* Ex. C (Paystub).

82. Plaintiff and the Class Members are victims of Defendants' common policy and plan that violated their rights under the NYLL by paying Class Members at an insufficient overtime rate. At all times relevant, Defendants' unlawful policy and pattern or practice has been either willful or in the absence of good faith.

83. Despite requiring Class Members to work over 40 hours a week, Defendants did not pay Class Members at the rate of one and one-half times the regular rate that incorporated shift differential pay.

84. Section 195(3) of the NYLL requires that employers "furnish each employee with a statement with every payment of wages" that contains, *inter alia*, the employer's "phone number" and the "basis" of the employee's pay N.Y. Lab. Law § 195(3).

85. Defendants' paystubs, however, failed to provide Class Members with the employers' phone number and to list the Class Members' basis of pay. *See* Ex. C (Paystub).

86. Class Members are not exempt from the overtime provisions of the NYLL.

87. Defendants were or should have been aware that the FLSA and NYLL required them to pay Class Members an overtime rate that included the shift differential pay.

88. Defendants were or should have been aware that the NYLL required them to provide accurate wage statements each pay period.

89. Defendants' unlawful conduct has been widespread, repeated, and consistent.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

90. Plaintiff Tierra Bonefort was an employee of Defendants, working under their direct supervision.

91. Bonefort was employed by Defendants from about September 12, 2018 to January 31, 2020.

92. Bonefort primarily worked at the 49 Elk. St. location.

93. Defendants, however, sent her to work at the 336 Forest Avenue location throughout her employment as well.

94. Bonefort was employed as a production staff worker.

95. Bonefort regularly worked over 40 hours a week.

96. Bonefort also worked the Third Shift, for which she was paid a shift differential.

97. Defendants, however, failed to incorporate her differential pay into her overtime rate of pay. *See* Ex. C (Paystubs).

98. For example, from August 19, 2019 through August 24, 2019, Bonefort worked 47.56 hours. All of her work for the week was done on the Second or Third Shift, which entitled

her to shift differential pay. Her regular hourly rate was $14.15 and her shift differential was $1.70. Her overtime rate, however, was only paid at $21.23, which is one and one-half times her hourly rate. As a result, Plaintiff was not paid any overtime wages on her shift differential pay. *See* Ex. C (Paystubs) at 1.

99. Moreover, throughout her employment, Bonefort was given a paystub that failed to report her employer's phone number and her basis of pay. *See id*. at 1-2.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

100. Plaintiff incorporates by reference all preceding allegations.

101. Plaintiff and members of the FLSA Collective are employees entitled to be paid at an overtime rate that was inclusive of their shift differential pay. *See* 29 C.F.R. § 778.207.

102. Defendants employed Plaintiff and Class Members for workweeks in which Plaintiff and Class Members were paid at an overtime rate of less than required by the FLSA.

103. Plaintiff has expressed her consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b). *See* Ex. A (Consent).

104. Defendants failed to make a good faith effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective.

105. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

106. As a consequence of the willful underpayment of wages, alleged above, Plaintiff and members of the FLSA Collective incurred damages thereby and Defendants are indebted to them in the amount of the unpaid minimum wages, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**NYLL – Overtime Wages**
**(Brought on behalf of Plaintiff and the Class)**

107. Plaintiff incorporates by reference all preceding allegations.

108. Plaintiff and Class Members are employees entitled to be paid no less than the applicable minimum wage.

109. Defendants employed Plaintiff and Class Members for workweeks in which Plaintiff and Class Members were paid at a rate of less than one and one-half time their regular rate, inclusive of shift differential pay.

110. By the course of conduct set forth above, Defendants violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. §§ 142-2.1, 2.9.

111. Defendants had a policy and practice of refusing to pay the proper overtime wage.

112. Defendants' failure to pay overtime compensation at the proper rate to Plaintiff and the Class was willful or otherwise lacked sufficient good faith within the meaning of N.Y. Lab. Law § 663.

113. As a consequence of the willful underpayment of wages, alleged above, Plaintiff and Class Members incurred damages thereby and Defendants is indebted to them in the amount of the unpaid wages and such other legal and equitable relief due to Defendants' unlawful and willful conduct, as the Court deems just and proper.

114. Plaintiff, on behalf of herself and the Class, seeks recovery of liquidated damages, attorneys' fees, and costs to be paid by Defendants as provided by the NYLL.

**THIRD CAUSE OF ACTION**
**NYLL – Wage Statement Claims**
**(Brought on behalf of Plaintiff and the Class)**

115. Plaintiff incorporates by reference all preceding allegations.

116. N.Y. Lab. Law § 195(3) requires employers to furnish each employee with a statement with every payment listing gross wages, deductions taken from those wages, the name of the employer, and the employer's phone number, among other things.

117. N.Y. Lab. Law § 195(3) also requires employers to include the number of hours worked – both regular and overtime hours – to all employees who are not exempt from overtime compensation as established in the applicable minimum wage order.

118. Plaintiff and the Class Members are not exempt from overtime compensation as per the Section 142-2.2 of the Miscellaneous Industry Wage Order, 12 N.Y.C.R.R. § 142-2.2.

119. Defendant failed to comply with the wage statement requirements of N.Y. Lab. Law § 195(3), resulting in damages under N.Y. Lab. Law § 198 for Plaintiff and the Class and attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, seek for the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice to the FLSA Collective, or that the Court issue such notice. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime wage pay and an additional and equal amount as liquidated damages pursuant to the FLSA and NYLL;

C. Statutory damages for failure to provide wage statements under the NYLL;

D. Certification as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, designation of Plaintiff as the Class representative, and appointment counsel of record as Class Counsel;

E. Pre-judgment interest and post-judgment interest as provided by law;

F. Appropriate equitable and injunctive relief to remedy violations;

G. Attorneys' fees and costs of the action;

H. Issuance of a declaratory judgment that the practices complained of in this action are unlawful under FLSA and NYLL;

I. Reasonable incentive awards for Plaintiff to compensate her for the time she spent attempting to recover wages for the Class and for the risks they took in doing so; and

J. Such other relief as this Court shall deem just and proper.

Dated: Melville, New York
October 5, 2020

Respectfully submitted,

By: /s/ *Troy L. Kessler*
Troy L. Kessler

**KESSLER MATURA P.C.**
Troy L. Kessler (#702019)
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: (631) 499-9100
tkessler@kesslermatura.com

**LAW OFFICES OF RAPHAEL A. KATRI**
Raphael Katri (#702175)
8549 Wilshire Blvd., Ste. 200
Beverly Hills, CA 90211
Telephone: (310) 940-2034
rkatri@gmail.com

*Attorneys for Plaintiff and the*
*Putative FLSA Collective and Class*

# **Exhibit A**

**CONSENT TO BECOME A PARTY-PLAINTIFF**

1. I consent to be a party plaintiff in a lawsuit against my former employer, Sticker Mule LLC and/or any related entities, for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and any applicable state law.

2. During the past three years, there were occasions when I worked more than 40 hours in a week for Sticker Mule LLC, and I did not receive proper overtime compensation for all those hours.

3. I designate Kessler Matura P.C. and the Law Offices of Raphael A. Katri to represent me.

4. I also consent to join any separate or subsequent action to assert my claims against Sticker Mule LLC and/or any related entities potentially liable.

Date: 10/5/2020

DocuSigned by:
[signature]
9440FE1DB31D4AF...
Signature

Tierra Bonefort
Print Name