**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X
TIERRA BONEFORT, on behalf of herself, and all :
Others similarly situated, :
                                                        : **Case No.:**
                     Plaintiff, : **1:20 Civ. 1222 (ML)**
                                                        :
                     v. :
                                                         :
STICKER MULE, LLC and PRINT BEAR, LLC, :
                                                         :
                 Defendants. :
---------------------------------------------------------------- X

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION**
<u>**FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT**</u>

      This matter came before the Court on Plaintiff's Motion for Final Approval of Class Action Settlement ("Final Approval Motion"). In support of the Final Approval Motion, Plaintiff submitted a Memorandum of Law in Support of the Final Approval Motion (the "Memorandum of Law"), the Declaration of Troy L. Kessler ("Kessler Declaration") and supporting exhibits. Defendants do not oppose the motion.

      Based upon the Court's review of the Memorandum of Law and Kessler Declaration, the Court approves the class action settlement as follows:

      1.     The Parties' settlement, memorialized in the Agreement attached to the Kessler Declaration as Exhibit A, is fair, adequate, reasonable, and binding on Plaintiff and all Class Members who have not timely and properly opted out pursuant to Section 2.8.  As a result, the Court approves the settlement and "So Orders" all its terms which are incorporated herein. Capitalized terms used in this Order have the same meaning as set forth in the Agreement, unless defined otherwise.

      2.     The Court grants final certification of the Class for settlement purposes.

3. The Court approves the Service Payment set forth in Section 3.3(A) of the Agreement.

4. The Court grants Plaintiff's' request for attorneys' fees and out-of-pocket costs and expenses.

5. The Court approves of the selection of Worker Justice Center of New York, Inc. ("WJCNY") as a *cy pres* designee as per Section 3.5(B).

6. The Court adopts the following settlement procedure set forth in the Agreement:

| Event or Deadline | Due by Date or Date Certain |
|---|---|
| Defendants to deposit the Settlement Payment and Settlement Administration Costs into the Escrow Account. | Within 46 days of this Order. |
| Deadline for Settlement Administrator to distribute the Settlement Checks. | By the 20th day after Defendants make the Settlement Payment. |
| Deadline for Class Members to cash their Settlement Checks. (*I.e.,* the end of the check cashing period.). | 120 days after the Claims Administrator distributes the Settlement Checks. |
| Redistribution of uncashed funds to Class Members who cashed their initial checks. | 30 days after the close of the check cashing period. |
| Donation of the remaining uncashed funds, if any, to the *cy pres* designee. | 21 days after the 60-day check-redistribution period or the initial check cashing period if redistribution is impracticable. |

7. The parties shall abide by the terms of the Agreement.

8. With the exception of those Class Members who filed valid requests to be excluded from the settlement, Plaintiff and all Qualified Class Members are permanently enjoins from seeking to reopen or filing any claims against Defendants that were released by this Agreement.

9. The Litigation is dismissed with prejudice.

10. The Court shall retain jurisdiction over the interpretation and implementation of this Agreement, as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

11. This constitutes the decision and order of this Court.

SO ORDERDED:

_____
Hon. Miroslav Lovric
United States Magistrate Judge

Dated: Binghamton, New York

   February   24, 2022